UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **OHIO SECURITY INSURANCE COMPANY** <br> 175 Berkeley Street <br> Boston, Massachusetts 02116, <br><br> and <br><br> **AMERICAN FIRE AND CASUALTY COMPANY** <br> 175 Berkeley Street <br> Boston, Massachusetts 02116, <br><br> Plaintiffs, <br><br> v. <br><br> **CONTINENTAL CONSTRUCTION, INC.** <br> 3419 14th Street, NW <br> Washington, DC  20010 <br><br>     Serve On: <br>     Business Filings Incorporated <br>     of Delaware <br>     1015 15th Street, NW <br>     Suite 1000 <br>     Washington, DC  20005, <br><br> and <br><br> **JAMES "JIM" SIMPSON, JR.** <br> 3419 14th Street, NW <br> Washington, DC  20010, <br><br> and <br><br> **SIMPRO DEVELOPMENT & CONSTRUCTION SERVICES, LLC** <br> 3419 14th Street, NW <br> Washington, DC  20010 <br><br>     Serve On: <br>     Jim Simpson <br>     3419 14th Street, NW <br>     Washington, DC  20010, | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | <br><br><br><br><br><br><br><br><br><br> **CASE NO.: 22-1435** |

| | |
|---|---|
| **and** | **:** |
| | |
| **JMS ONYX, LLC** | **:** |
| **CONSTRUCTION SERVICES, LLC** | |
| **3419 14th Street, NW** | **:** |
| **Washington, DC  20010** | |
|     **Serve On:** | **:** |
|     **Jim Simpson** | |
|     **3419 14th Street, NW** | **:** |
|     **Washington, DC  20010,** | |
| | **:** |
|     **Defendants.** | |

## COMPLAINT

Plaintiffs Ohio Security Insurance Company ("Ohio Security") and American Fire and Casualty Company ("American Fire") (collectively, the "Plaintiffs"), by and through counsel, hereby bring suit against Defendants Continental Construction, Inc. ("Continental Construction"), SIMPRO Development & Construction ("SIMPRO"), JMS Onyx, LLC ("JMS"), and Jim Simpson ("Simpson") (collectively, the "Defendants"), and seeks damages arising out of, among other things, numerous material breaches by Defendants of their insurance contracts with Plaintiffs, and other actionable conduct by the Defendants. In support of this Complaint, Plaintiffs state the following:

## PARTIES

1.  Ohio Security is a Massachusetts Company that is authorized to provide general liability and workers' compensation insurance to employers in the District of Columbia, the State of Maryland, and elsewhere. Ohio Security is headquartered at 175 Berkeley Street, Boston, Massachusetts 02116.

2.  American Fire is a Massachusetts Company that is authorized to provide general liability and workers' compensation insurance to employers in the District of Columbia, the State

of Maryland, and elsewhere. Ohio Security is headquartered at 175 Berkeley Street, Boston, Massachusetts 02116.

3. Continental Construction is a Maryland corporation with its headquarters and principal place of business located, upon information and belief, at 3419 14th Street, NW, Washington, DC 20010.

4. SIMPRO is a District of Columbia corporation its headquarters and principal place of business located, upon information and belief, at 3419 14th Street, NW, Washington, DC 20010.

5. JMS is a District of Columbia corporation its headquarters and principal place of business located, upon information and belief, at 3419 14th Street, NW, Washington, DC 20010

6. Simpson is a natural person who resides, upon information and belief, at 14918 Potomac River Drive, Cobb Island, Maryland 20625.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the claims presented in this Complaint under 28 U.S.C. § 1332 because Ohio Security and American Fire are residents of Massachusetts, Continental Construction is a Maryland entity with offices in the District of Columbia, SIMPRO is a District of Columbia entity with offices in the District, JMS is a District of Columbia entity with offices in the District, Simpson is a resident of Maryland, and the amount in controversy exceeds $75,000, exclusive of fees and costs.

8. Personal jurisdiction and venue are proper in this Court pursuant to 28 U.S.C. § 1391 because the acts of parties occurred in the District of Columbia.

**FACTUAL BACKGROUND**

9. Plaintiffs and Defendants entered into insurance agreements whereby Ohio Security and American Fire issued general liability and/or workers' compensation insurance policies to Defendants for the policy periods of April 29, 2014 to April 29, 2015, April 29, 2015 to April 29, 2016, April 29, 2016 to April 29, 2017, and April 29, 2017 to April 29, 2018, in exchange for premiums.

10. The subject general liability policies were underwritten by Ohio Security and are identified as 04-29-14-04-29-15 BKS 53738558; 04-29-15-04-29-16 BKS 56676267; 04-29-16-04-29-17 BKS 56676267; and 04-29-17-04-29-18 BKS 56676267.

11. The subject workers' compensation policies issued in 2014, 2015, and 2016, respectively, were underwritten by Ohio Security and are identified as 04-29-14-04-29-15 XWS 53738558; 04-29-15-04-29-16 XWS 53738558; and 04-29-16-04-29-17 XWS 53738558. The subject workers' compensation policy issued in 2017 was underwritten by American Fire and is identified as 04-29-17-04-29-18 XWA 53738558.

12. Estimated premiums for the subject worker's compensation insurance were based representations by Defendants regarding their income and payroll, among other things. Pursuant to the insurance agreement, the final premium would be determined after the policy ended by using the actual, not the estimated, premium basis and the proper classifications and rates that lawfully apply to the business and work covered by the policy. *See*, Workers' Compensation Policy Terms (**Exhibit 1**) at Part 5 Premium.

13. The policies required Defendants to maintain all records of information to compute the premium and produce Defendants with copies of those records upon request. Furthermore, the policies required Defendants to permit Plaintiff to examine and audit all of

Defendants' records related to the policies, including, but not limited to, ledgers, journals, registers, vouchers, contracts, tax records, payroll records, and programs for storing and retrieving data.  *See*, *Id*.

14. Defendants began receiving workers' compensation insurance from Plaintiffs in accordance with the subject workers' compensation policy for the policy period April 29, 2014 to April 29, 2015, with premiums based on the information provided by Defendants. *See*, *Id*. Ohio Security subsequently renewed the policy for the April 29, 2015 to April 29, 2016, and April 29, 2016 to April 29, 2017.  American Fire issued the workers' compensation policy for the policy period of April 29, 2017 to April 29, 2018 with terms based upon the payroll figures and classifications provided by Defendants.

15. In or around September 2017, Plaintiffs began a physical payroll audit for the April 29, 2014 to April 29, 2015 policy term. The initial audit was completed using the payroll, tax, and bank records provided by Defendants. Significantly, the audit findings demonstrated gross inconsistencies in the amount of subcontractor payments reported by Defendants.  For example, for the year ending December 2014, Defendants reported contractor costs to be $5,564,398 on its tax return, however, the payroll documents that they provided for the premium audit for the policy period of April 29, 2014 to April 29, 2015 detailed subcontractor costs of $266,939.

16. Similarly, Plaintiffs initiated similar audits for the April 29, 2015 to April 29, 2016, April 29, 2016 to April 29, 2017, and April 29, 2017 to April 19, 2018 policy periods, which also reveals gross anomalies in the reported subcontractor payroll.

17. Plaintiffs has repeatedly requested from Defendants additional documents in order to reconcile the variances in the reported payroll and actual payroll revealed by the initial audit, which Defendants have refused to produce. These requested documents include:

    a. Defendants' income statements for the years 2014, 2015, 2016 & 2017;

    b. Defendants' general ledger (including subsidiary ledgers) for the years 2014, 2015, 2016 & 2017;

    c. Bank statements with check images from May 2014 through April 2018;

    d. Payroll records by project, location and employee detailing gross wages and overtime for the period of April 29, 2014 through April 29, 2018;

    e. Payroll tax returns, including Federal 941s and State Unemployment Returns from Second Quarter 2017 through Second Quarter 2018;

    e. Gross wages by job and employee from April 30, 2018 through June 30, 2018;

    f. OCIP payroll by project and employee from April 29, 2017 through April 29, 2018, including, but not limited to:

        i. OCIP audits per project
        ii. OCIP contracts
        iii. OCIP policy coverage for each specific project; and

    g. Certificates of insurance for all subcontractors for the years 2014 through 2018.

18. Plaintiffs are entitled to these documents pursuant to the terms of the policy, and Defendants' refusal produce them is a material breach of the insurance contract.

19. To date the audit has not been completed due to Defendants' breach of the policy terms.

20. On June 29, 2018, Ohio Security sent Defendants a premium invoice for $1,622,289.77.

21. On October 19, 2018, Ohio Security sent Defendants a premium invoice for $1,854,871.77.

22. On November 22, 2018, American Fire sent Defendants a premium invoice for $1,854,387.97.

23. As of today, Defendants have refused to pay the adjusted premiums.

### COUNT I
### Breach of Contract and Breach of the Covenant
### of Good Faith and Fair Dealing
### (Against Continental Construction, SIMPRO & JMS)

24. Paragraphs 1-23 of this Complaint are fully incorporated herein.

25. The Policies are valid and binding contracts between Plaintiffs and Defendants Continental Construction, SIMPRO and JMS. In accordance with the terms of the Policies, Defendants Continental Construction, SIMPRO and JMS are liable to Plaintiffs for the additional premiums billed based upon adjusted payroll amounts. Defendants Continental Construction, SIMPRO and JMS were contractually obligated to provide accurate payroll data to Plaintiffs when the Policies were issued and throughout the entire term of each Policy, and during Policy audits, and to act in good faith.

26. Plaintiffs have billed Defendants Continental Construction, SIMPRO and JMS for the outstanding premiums due of $1854,387.97, and Defendants Continental Construction, SIMPRO and JMS have failed to remit payment of these premiums, despite multiple requests from Plaintiffs.

27. Additionally, Defendants Continental Construction, SIMPRO and JMS have obstructed Plaintiffs from completing their audits of the relevant policy term periods, despite multiple requests from Plaintiffs for information necessary to complete the audits.

28. Plaintiffs have performed all of its duties and obligations in accordance with the terms of the subject Policies.

29. Defendants Continental Construction, SIMPRO and JMS's material breaches of the terms of the Policies have significantly damaged Plaintiffs.

30. Defendants Continental Construction, SIMPRO and JMS breached the Policies and the duty of good faith and fair dealing by, among other things, failing to pay the premiums due and misrepresenting Defendants Continental Construction, SIMPRO and JMS's payroll exposures with the intention that Plaintiffs would rely upon their misrepresentations for the purpose of causing Plaintiffs to issue and maintain workers' compensation insurance policies with premiums that were substantially less than they would have been had it submitted accurate payroll data to Plaintiffs.

WHEREFORE, Ohio Security and American Fire respectfully request that this Court enter judgment against Defendants Continental Construction, SIMPRO and JMS in the amount of $1,854,387.97 for breach of contract and breach of the covenant of good faith and fair dealing, plus interest and costs, and for such other relief as the Court deems just and appropriate.

### COUNT II
### Fraud
### (Against All Defendants)

31. Paragraphs 1-30 of this Complaint are fully incorporated herein.

32. Defendants' representations to Plaintiffs regarding their estimated annual payroll were false when Defendants applied for insurance coverage with Plaintiffs. Simpson actively

participated in causing Defendants to assert these false, intentional, and material misrepresentations. In particular, in the Application upon which Plaintiffs relied in issuing and maintaining insurance coverage, Defendants falsely represented the amount of subcontractor payroll in its reporting to Plaintiffs. Upon information and belief, Defendants had express knowledge of the false nature of their misrepresentations. Indeed, by way of example only, for the year ending December 2014, Defendants reported contractor costs to be $5,564,398 on its tax return, however, the payroll documents that it provided for the premium audit for the policy period of April 29, 2014 to April 29, 2015 detailed subcontractor costs of $266,939

33. Plaintiffs determined that Defendants had a substantially higher total payroll of undisclosed uninsured labor for workers in all jurisdictions, which Defendants had not previously disclosed to Plaintiff.

34. Despite repeated requests, Defendants failed and/or refused to provide any documentation to Plaintiff in order for them to accurately determine the exact total payroll for Defendants' insurance exposure.

35. Even after repeated attempts to recover adequate records that align the undisclosed subcontractor exposure by jurisdiction, Defendants failed and/or refused to provide the necessary documentation, knowing that it would result in a higher premium,

36. Defendants knew that there was substantially higher total subcontractor labor that was not assigned to Plaintiffs' policies for workers' compensation insurance. Upon information and belief Defendants had express knowledge of the false nature of their misrepresentations. Defendants have knowingly and deliberately not disclosed its complete payroll exposure in a blatant attempt to avoid paying higher premiums due to Plaintiffs.

37. Defendants knew their representations regarding their estimated annual payroll and use of subcontractor labor were false at the time they made them, or they acted with reckless disregard as to whether such representations were truthful. Further, despite having numerous opportunities to correct these misrepresentations, Defendants have failed and/or refused to do so. Furthermore, Defendants continue to refuse to provide the information necessary to reconcile its previously undisclosed payroll because it knows that it will require them to pay additional premiums.

38. Plaintiffs acted reasonably and in accordance with the information and assurances provided by Defendants, and Plaintiffs provided Defendant with valuable insurance benefits in accordance with the terms of the Policy. Plaintiffs justifiably relied upon statements of Defendants in issuing and maintaining workers' compensation and general liability coverage to Defendants.

39. Defendants underestimated and misrepresented their payroll data for the purpose of causing Plaintiffs to issue a workers' compensation insurance policy with premiums that were substantially less than they would have been had Defendants submitted accurate payroll data to Plaintiffs.

40. Defendants' misrepresentations have caused Plaintiffs to incur significant damages by causing them to issue insurance coverage for a substantially lower premium than otherwise would have been the case. These damages total at least $1,854,387.97.

WHEREFORE, Ohio Security and American Fire respectfully requests that this Court enter judgment against the Defendants Continental Construction, SIMPRO, JMS, and Mr. Simpson, jointly and severally, in an amount of at least $1,854,387.97, plus $1,000,000.00 in punitive damages, interest, costs, attorneys' fees, and for such other relief as the Court deems just

and appropriate based upon the false, intentional, and fraudulent misrepresentations described above.

## COUNT III
### Negligent Misrepresentation
### (Against All Defendants)

41.     Paragraphs 1-40 of this Complaint are fully incorporated herein.

41.     Defendants' representations to Plaintiffs regarding their application for workers' compensation insurance were false. Simpson actively and negligently assisted Defendants in asserting these false misrepresentations.

43.     Defendants owed Plaintiffs a duty of care to provide accurate and truthful information in connection with the provisions of the insurance coverage issued by Plaintiffs.

44.     Plaintiffs acted reasonably and in accordance with the information and assurances provided by Defendants, and Plaintiffs provided Defendants with valuable insurance coverage in accordance with the terms of its insurance policies.

45.     Upon information and belief, Defendants intended that their representations to Plaintiffs would be acted upon by Plaintiffs.

46.     Upon information and belief, Defendants intended that Plaintiffs would rely upon their misrepresentations.

47.     Plaintiff justifiably relied upon statements of Defendants in issuing and maintaining workers' compensation coverage to them

48.     As a direct result of Defendants' false, misleading, and inaccurate statements that were negligently made, Plaintiffs were induced into providing insurance coverage to Defendants. Plaintiffs have suffered significant damages as a result of Defendants' improper conduct.

49.     Plaintiffs are entitled to recover from Defendants for the negligent misrepresentations described above.

WHEREFORE, Plaintiffs Ohio Security and American Fire respectfully request that this Court enter judgment against Defendants Continental Construction, SIMPRO, JMS, and Simpson, jointly and severally, in an amount of at least $1,854,387.97, plus interest, costs, attorneys' fees, and for such other relief as the Court deems just and appropriate based upon the false and negligent misrepresentations described above.

Dated: May 10, 2022                                    Respectfully submitted,


                                                       */s/ James C. Mehigan*
                                                       James C. Mehigan, Bar #: 480691
                                                       Mehigan Law Group PLLC
                                                       11921 Freedom Drive
                                                       Suite 550
                                                       Reston, Virginia  20190
                                                       (703) 774-7281
                                                       jmehigan@mehiganlawgroup.com

                                                       *Attorney for Plaintiff*