UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OHIO SECURITY INSURANCE COMPANY, et. al., | : |
| | : |
|    **Plaintiffs,** | : |
| | :    Case No.: 1:22-cv-01435-RDM |
| v. | : |
| | : |
| CONTINENTAL CONSTRUCTION, INC., et. al., | : |
| | : |
|    **Defendants.** | : |

### PLAINTIFFS' STATUS REPORT AND REQUEST TO FILE RESPONSE TO DEFENDANTS' STATUS REPORT

Plaintiffs Ohio Security Insurance Company and American Fire and Casualty Company, through counsel, and pursuant to the Court's Minute Entry of October 22, 2024, hereby submit their Status Report and accompanying Request to File Response to Defendants' Status Report, and, and in support thereof, state:

**Background**

Following the hearing in this matter on October 22, 2024, the parties met and conferred as directed by the Court. In its directives to the parties during the hearing, the parties were to, and did, discuss the status of document discovery and other potential costs associated with the cancellation of Mr. Crump's deposition. At the conclusion of the call, the parties were agreed that the Defendants would prepare and circulate the initial draft of the Joint Status Report sufficiently in advance of today's deadline.

However, at 1:19 p.m. today (the due date), counsel for the Defendants forwarded a proposed draft of the Joint Status Report totaling nine (9) pages along with 112 pages of attachments. Undersigned counsel opened the materials at approximately 3:20 p.m., and thereafter suggested to opposing counsel that additional time would be required for Plaintiffs to

digest and properly respond to what appears to be a discovery motion rather than a status report.[1] Defendant suggested that the parties' join in a brief motion to extend time to submit a proper joint status report, however, opposing counsel would not consent.

Under the circumstances, the Plaintiffs are constrained to, and reluctantly file, this separate status report.

**<u>Discovery Status/Motion and Request to Extend Discovery</u>**

As noted above, and as evidenced by the Defendants' supplemental production of documents on November 15, 2024, the parties are making progress in discovery and have identified areas of agreement regarding bilateral good faith efforts to continue supplementation of same. Based upon the meet and confer, there are certain classes of documents that Plaintiff refuses to produce (i.e., bank statements, certain tax documents, general ledgers, etc.). Thus, in addition to the supplemental documents produced today, there exist additional responsive documents which remain outstanding, again consistent with Plaintiffs' contention that they have not received a full and robust response from Defendants as it pertains to the document requests.

Given the foregoing, it would appear that there is an impasse between the parties, and Plaintiffs are left with no choice other than request the Court's leave to file a motion to compel the disputed documents, and is doing so at this time.

Several depositions remaining outstanding, and the parties have agreed that an extension of the discovery period by an additional sixty (60) days should permit sufficient time within which to complete them. Accordingly, Defendants' respectfully request that the Court modify the pre-trial schedule accordingly.

---

[1] Much of Defendants' proposed joint status report focuses on *ad hominem* attacks rather than the document dispute upon which the parties were directed to meet and confer. Significantly, Defendants, just today, produced supplemental documents. The court will recall that, at the heart of the parties dispute on this matter was Plaintiffs contention that they had not received all of the requested documents and Defendants' argument to the contrary. Based on today's supplementation, Plaintiffs' assertions have been true throughout the litigation, and were true at the time of the October 22 hearing.

### Request for Leave to File Response to Defendants' Status Report

Based upon the content and volume of Defendants' proposed Joint Status Report, it appears that the respective parties have differing opinions on just what the Court's expectations were following the October 22 hearing. From Plaintiffs' perspective, there were two issues on the table in follow-up: (1) the document dispute; and (2) the costs associated with the cancellation of Mr. Crump's deposition and whether Defendants had any authority to support an award of an experts' costs[2] (in support of their claim for video uplink expenses).

As to the latter, it appeared clear to the Plaintiffs that the Court was limiting any sanction to the costs, expenses and fees occasioned on the day of and by the cancelled deposition. Inasmuch as Defendants' Status Report seeks fees, costs or expenses outside of that scope (as they did during the October 22 hearing and were denied by the Court), Plaintiffs' respectfully request leave to file a response to the Defendants' Status Report in order to fully respond to the issues raised therein. In addition, as mentioned above, Plaintiff would like to address certain assertions made regarding the document dispute communications and conversations.

As noted at the time of the hearing, and with all deference to the Court's inclination to award costs surrounding the canceled deposition, the Plaintiffs relied upon their understanding of the discovery rules and their good faith in postponing the deposition. While they may not have ultimately prevailed on a motion for a protective order, the Plaintiffs were not provided an opportunity to make a proper motion on the issue. At the time of the hearing, the court was able, in retrospect, to suggest other paths that could have been taken, however, given the circumstances of the wholly unexpected appearance of a third-party fact witness, the Plaintiffs made what they believed to be the best decision under the circumstances.

---

[2] It does not appear that this claim appears in Defendants' Status Report.

In light of the foregoing and what candidly appears to be over-reach by Defendants, Plaintiffs respectfully request that the Court reconsider its inclination to award sanctions to the Defendant, or alternatively, order that, rather than a monetary sanction, that Plaintiffs bear the costs of the deposition location, court reporter, and video technician when the continued deposition of Mr. Crump is scheduled.

**Conclusion**

Some headway has been made as regards the Defendants' Responses to Plaintiffs' Requests for Production of Documents. Defendants' supplemental production of documents on today's date, and admission that they are withholding responsive documents reconciles completely with Defendants' multiple assertions over time that they have not received all of the documents requested. Nor have they to date.

As mentioned above, Plaintiffs' respectfully request the following: (1) that the Court extend the discovery period by sixty days; (2) that Plaintiffs' be permitted to file a motion to compel discovery pertaining to the remaining documents in dispute; and (3) that Plaintiffs' are permitted leave to reply/respond to Defendants' Status Report. A proposed order consistent with the requested relief is attached hereto.

Dated: November 15, 2024    Respectfully submitted,

*/s/ Robert S. Morter*
James C. Mehigan, Bar #: 480691
Robert S. Morter, Bar #: 474337
Mehigan Law Group PLLC
11921 Freedom Drive
Suite 550
Reston, Virginia 20190
(703) 774-7281
jmehigan@mehiganlawgroup.com
bob@mehiganlawgroup.com
*Attorneys for Plaintiffs*

# **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 15, 2024 a copy of the foregoing was served via ECF to all parties of record.

*/s/ Abdullah H. Hijazi*
Abdullah H. Hijazi, (admitted *pro hac vice*)
Douglas Quzack, (admitted *pro hac vice*)
HIJAZI & CARROLL, P.A.
3231 Superior Lane, Suite A-26
Bowie, Maryland 20715
(301) 464-4646
ahijazi@hzc-law.com
*Attorney for Defendants*

                                              */s/ Robert S. Morter*
                                              Robert S. Morter