UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OHIO SECURITY INSURANCE COMPANY, et. al., | : |
| | : |
| Plaintiffs, | : |
| | : Case No.: 1:22-cv-01435-RDM |
| v. | : |
| | : |
| CONTINENTAL CONSTRUCTION, INC., et. al., | : |
| | : |
| Defendants. | : |

## DEFENDANTS' DISCOVERY STATUS REPORT

Pursuant to the Court's Minute Entry Order on October 22, 2024, Defendants hereby file this Discovery Status Report and state the following:

### Preliminary Statement

On November 11, 2024, counsel for Plaintiffs and Defendants met and conferred for approximately an hour regarding the outstanding issues and disputes with discovery in this litigation. **Ex. D, at 2** (communications between parties' counsel regarding this filing). Before the meet-and-confer, Defendants' counsel sent a list of topics to be discussed. *Id.* **at 3.** The parties' counsel discussed these topics and were able to reach an agreement on most issues. However, Defendants' counsel informed Plaintiffs' counsel regarding the possible potential sanctions for Plaintiffs' counsel's representation to the Court about Defendant's document production that Defendants would follow the Court's order and include the parties' counsel's communications concerning Defendants' document production with this filing and allow Plaintiffs to provide a response. Defendants' counsel also told Plaintiffs' counsel that this same approach would be taken with the sanctions for Plaintiffs' counsel's unilateral termination of deposition for which the Court already ruled in Defendants' favor with costs to be determined and awarded. The parties agreed that Defendants would take the lead on drafting the report, but Defendants' counsel provided an

oral outline of the status report to be drafted, which tracked the topics, discussion, and resolutions reached during the meet and confer.

On November 15, 2024, at 1:19 PM, Defendants' counsel sent a draft status report to Plaintiffs' counsel along with the October 22, 2024 hearing transcript, the parties' correspondence as ordered by the Court, and invoices in support of the fees and costs sought for sanctions. ***Id.* at 9-10.** Nearly three hours later, Plaintiffs' counsel emailed Defendants' counsel seeking an extension to the deadline for this filing, explaining that "given the density of, and certain representations contained within, the proposed status report, as well as the attachments, [Plaintiffs] will not be able to complete this today." ***Id.* at 8-9.** Defendants' counsel reluctantly agreed to contact the Court with this request, but also informed Plaintiffs' counsel that if the Court denied the request (or did not respond), Defendants would proceed to file this status report on time. ***Id.* at 7-8, 14-15.** Defendants' counsel proposed not filing the report until close to midnight to give Defendants time to review and provide responses in the status report. ***Id.* at 7, 13.** In response to Defendants' counsel's last attempt to have Plaintiffs join this submission, Plaintiffs' counsel stated: "I figured we were filing separately." ***Id.* at 12-13.**

Accordingly, Defendants are separately filing this status report to comply with the original Court-ordered deadline, *see* **July 26, 2024 Minute Order**, and in an effort to "move this case forward" as this Court expressed a desire to do so at the last hearing, *see* **Ex. A, at 31, 33 (10/22 Hr'g Tr.)**. *Accord King v. U.S. DOJ*, 292 F. Supp. 3d 182, 186 (D.D.C. 2017) (stating that the Court had first to determine whether a party had shown "good cause" for missing a court-ordered deadline before accepting the untimely filing) (Moss, J).

2

## Discovery Topics

### A. Consent Motion to Extend Fact Discovery Deadline and to Reschedule Post-Discovery Status Conference

Under the current Scheduling Order, the deadline for fact discovery is November 20, 2024, and a post-discovery status conference is currently set for December 6, 2024. ***See* July 26, 2024 Minute Order**. During the meet and confer, the parties made substantial progress resolving and narrowing the scope of their discovery differences, but there remain a few discrete outstanding discovery issues (as described in detail below) that will need to be completed or resolved to prepare this case for continuing depositions, resolution discussions, dispositive motions, and/or trial. The parties, therefore, agreed to seek additional time to complete the outstanding fact discovery.

Accordingly, Defendants request a brief extension of 60 days to the discovery period and a rescheduling of the post-discovery status conference at the Court's convenience. As noted above, Plaintiffs have consented to the relief sought. A proposed order is attached.

### B. Plaintiffs' Damage Calculation

Defendants continue to seek a detailed breakdown of the Plaintiffs' damage calculation. During the parties' meet and confer, Plaintiffs' counsel represented to Defendants' counsel that the Plaintiffs' corporate representative would be prepared to explain the basis and provide specific details at the Rule 30(b)(6) deposition of the Plaintiffs. Thus, the parties do not require the Court's involvement to resolve this issue at this time.

### C. Census Bureau Data Relied on By Mr. Crump and Plaintiffs

During the first day of Plaintiffs' Rule 30(b)(6) Deposition, their corporate representative, Michael Crump, testified that he relied on data from the Census Bureau website to initiate the re-audits and additional audits of Plaintiffs' insurance policies. Defendants subsequently requested that the data from the Census Bureau be produced, and Plaintiffs' counsel provided website links,

but they do not work. During the meet and confer, Plaintiffs' counsel represented that they seek to retrieve the Census Bureau data. If Plaintiffs are unable to produce this data, Defendants will request an order precluding Plaintiffs from relying on this evidence.

### D. Materials Relied on by Plaintiffs and Auditors

Mr. Crump also testified at deposition that, when completing audits, auditors referenced internal manuals, particular state bureau manuals, and guidelines from the National Council on Compensation Insurance. Defendants sent Plaintiffs a letter requesting these manuals and guidelines. During the meet and confer, Plaintiffs informed Defendants that they investigate and produce responsive documents if they are located. If Plaintiffs are unable to produce this data, Defendants will request an order precluding Plaintiffs from relying on this evidence.

### E. Sanction Award for Terminated Deposition by Plaintiffs' Counsel

#### 1) *Defendants' Position*

At the October 22 hearing, the Court awarded sanctions with costs to be determined against Plaintiffs for their counsel's unilateral termination of the Rule 30(b)(6) Deposition of Plaintiffs. *See also* **Oct. 22 Minute Entry Order**. Defendants' fees and costs include the conference room reservation and transcript (**$470.40**), attorney time spent at the terminated deposition, attending the parties meet and confer, preparing the submission for this discovery dispute (including legal research) that was sent to the Court on October 16, 2024, and attending the October 22 hearing, (totaling **$5,895.50**), as well as the October 22 hearing transcript (**$235.80**) as shown in **Exhibit C**, for a total of **$6,235.30**. A proposed order for awarding sanctions is attached.

### F. Plaintiffs' Contention About Defendants' Document Production

#### 1) *Defendants' Position*

At a hearing held on October 22, 2024, the Court "direct[ed] that defense counsel lodge on the docket" the parties' correspondences related to a dispute concerning Defendants' discovery

4

responses and document production. **Ex. A, at 34-35 (10/22 Hr'g Tr.)**. Specifically, Defendants disputed Plaintiffs' counsel representation to the Court at the hearing that Defendants ***have not produced any documents*** in response to Plaintiffs' Request No. 1 for Production of Documentation ("RFP No. 1") that Plaintiffs served on Defendants in April 2023. RFP No. 1 seeks the following eight categories of documents: **1)** income statements for 2014 through 2017; **2)** general ledger for 2014 through 2017; **3)** bank statements with check images from May 2014 through April 2018; **4)** payroll records by project . . . for the period of April 29, 2014 through April 29, 2018; **5)** payroll tax returns from Second Quarter 2017 through Second Quarter 2018; **6)** Gross wages by job and employee from April 30, 2018 through June 30, 2018; **7)** OCIP payroll by project and employee from April 29, 2017 through April 29, 2018, and **8)** Certificates of insurance for all subcontractors for the years 2014 through 2018. *Id.* Plaintiffs served requests for production upon Defendant seeking the production of the same eight categories of documents. At the October 22 hearing Plaintiffs' counsel represented to the Court that Plaintiffs "requested those documents from the beginning, before the beginning," but *[Plaintiffs] never got them.*" **Ex. A, at 27**. To resolve this dispute, the Court requested that Defendants file the parties' communications to determine which party "is incorrect about this" and that party "should pay costs." **Ex. A, at 30**.

The undersigned counsel for Defendants has attached the parties' counsel correspondences as **Exhibit B** to this filing. **Exhibit B** shows that Defendants' counsel emailed Plaintiffs' counsel—*not once, but twice*—the responses and objections to Plaintiffs' perceived deficiencies in Defendants' discovery responses and production. **Ex. B, at 12, 14** (transmittal emails with attachments) **Ex. B, at 17-25** (Defs.' Counsel's Aug. 29 Letter). Defendants also attached their supplemental responses to interrogatories and requests for production. **Ex. B, at 27- 43** (responses to interrogatories), **Ex. B, at 45-58** (responses to document requests). Thus, *Exhibit B directly refutes* Plaintiffs' counsel's misrepresentation about the status of the discovery dispute and

5

misrepresentation that the Defendants have not produced any documents in response to the Plaintiffs' discovery requests. Plaintiffs' counsel—*specifically Mr. Mehigan*—was not candid at the October 22 hearing when represented to the Court that he never received Defendants' supplemental discovery responses and that if Defendants "provided these documents and did provide these documents [he] would know it," and assured the Court that he would not have failed to respond to Defendants' correspondence and supplemental responses. **Ex. A, at 29.**

Moreover, this is not the first time that Mr. Mehigan has misrepresented the status of Defendants' discovery production in this case. On multiple occasions, he has misrepresented the status of the Plaintiffs' document production to the Court for over a year. For example, Defendants produced more than 2,000 pages of documents (many being responsive to RFP No. 1), with the Bates Range **CC0001-2052** in July 2023. **Ex. B, at 64**. Indeed, Mr. Mehigan acknowledged with a response stating that he "downloaded the documents," that he would review them with client, and he confirmed that production contained "2,052 pages, right?" *Id.* Yet, *more than three months later*, Mr. Mehigan emailed the Court in October 2023 asserting that *"Plaintiffs contend that Defendant continues to withhold specific documents"* and again listed the eight categories of documents in RFP No. 1. **Ex. B, at 60-70** (emphasis added). This was simply untrue.

The parties agreed to a site inspection of Defendants' office that occurred in January 2024. At this inspection, Mr. Mehigan and Mr. Crump requested specified documents which Mr. Simpson provided to his counsel and were immediately produced to Plaintiffs at Bates Range CC2053-2169. Yet months later, in October 2024, Mr. Mehigan repeated the untrue assertion in an email to the Court: "To date, and despite multiple requests, *no production has been made*." **Ex. B, at 65-66** (emphasis added). Notably, Mr. Meighan told this to the Court less than two months after Defendants' counsel emailed—not once, but twice—Plaintiffs' counsel the

6

supplemental discovery responses that Mr. Mehigan told the Court he never received at the October 22 hearing. **Ex. A, at 27**.

In sum, Mr. Meighan has never made any attempt to narrow the documents he seeks on behalf of the Plaintiffs or engage in good-faith attempts to meet and confer to resolve any specific deficiencies in Defendants' document production. Instead, he has continued to misrepresent the status of Defendants' document production throughout this litigation, as seen most recently at the October 22 hearing. As a result, Defendants have incurred additional unnecessary expenses and wasted time and resources on this fictitious discovery dispute. For this, sanctions are appropriate.

Accordingly, Defendants respectfully request that the Court, whether through its statutory or inherent authority, enter sanctions against Plaintiffs' counsel and award Defendants' fees and costs associated with this filing. *See* 28 U.S.C. § 1927 (permitting a Court to issue sanctions to "any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."); *see also Hudson v. AFGE*, Civil Action No. 17-1867 (JEB), 2023 WL 8234191, at *4 (D.D.C. Nov. 28, 2023) (concluding that "monetary sanctions are appropriate under both its inherent authority and Section 1927" for counsel's misrepresentations to the Court). In addition to Defendant's counsel spending in excess of 20 hours (totaling **$7,847.50**) reviewing the hearing transcript, reviewing discovery correspondences, re-reviewing the entire universe of document production, and preparing this filing, Defendants request any further sanction this Court deems appropriate to dispel the tainted notion to the Court that Defendants have not participated in good faith in discovery. A proposed order for awarding sanctions is attached.

Furthermore, after re-reviewing the entire universe of produced documents, Defendants' counsel prepared and provided a chart to the Plaintiffs' counsel indexing documents produced that

are responsive to RFP No. 1. In some instances, Plaintiffs produced documents responsive to RFP No. 1. There are also instances where documents were produced to Plaintiffs in response to their third-party subpoenas served upon Defendants' accountants and some of their subcontractors. Thus, Plaintiffs, in some instances, have received the same responsive documents *thrice*. This chart is attached as **Exhibit E.**

Defendants can now turn to discussing the contents of their document production. There are only two documents that Defendants have not produced: bank statements with check images (that Defendant has continuously objected to) and payroll tax returns specifically for the Second Quarter of 2017 through the Second Quarter of 2018. All other payroll tax returns were produced. Defendants inadvertently omitted these payroll tax returns from their January 2024 supplemental production, but these documents have been produced to Plaintiffs at the Bates Range **CC2170-2214**. Defendants, however, continue to object to the production of bank statements with check images. These documents are not relevant to the Plaintiffs' claims that Defendants breached the parties' insurance policy agreement. Moreover, as explained above, Defendants have produced thousands of pages of documents containing Defendants' financial information necessary to conduct audits, making Defendants' bank records needlessly duplicative and cumulative. Thus, the Defendants' bank records also are not proportional to the needs of the case.

Now that there is no question about the status of Defendants' document production, Plaintiffs should have no difficulty in identifying specific issues that they may have. As in the past, Defendants' counsel will work with Plaintiffs' counsel to resolve any actual discovery dispute that may arise before the close of discovery.

Dated: November 15, 2024

Respectfully submitted,

/s/Abdullah H. Hijazi
Abdullah H. Hijazi, Bar # 7623058
Hijazi & Carroll, P.A.
3231 Superior Lane, Suite A-26
Bowie, Maryland 20715
(301) 464-4646; ahijazi@hzc-law.com
*Attorney for Defendants*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **OHIO SECURITY INSURANCE COMPANY, et. al.,** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | Case No.: 1:22-cv-01435-RDM |
| v. | : | |
| **CONTINENTAL CONSTRUCTION, INC., et. al.,** | : | |
| **Defendants.** | : | |

### [Proposed] Order

Upon consideration of the Consent Motion to Extend Fact Discovery Deadline, Dkt. 30, it is hereby **ORDERED** that the motion is **GRANTED**.

It is further **ORDERED** that:

1) The deadline for fact discovery is **VACATED** and **RESET** for January 20, 2024, and

2) The post-discovery status conference currently set for December 6, 2024, is **VACATED**.

_____
Hon. Randolph D. Moss
U.S. District Court Judge

Copies by ECF to all counsel of record.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **OHIO SECURITY** : |
| **INSURANCE COMPANY, et. al.,** |
| : |
| **Plaintiffs,** |
| : Case No.: 1:22-cv-01435-RDM |
| v. |
| : |
| **CONTINENTAL** |
| **CONSTRUCTION, INC., et. al.,** : |
| |
| **Defendants.** : |

### [Proposed] Order

Upon consideration of the Defendants' request for sanctions, it is hereby **ORDERED** that Defendants' request is **GRANTED**. It is further **ORDERED** that:

1) Defendants are hereby awarded fees and costs in the amount of **$6,235.30** to be paid by Plaintiffs' counsel for their unilateral termination of a Rule 30(b) deposition termination.

2) Plaintiffs are hereby **SANCTIONED** for the repeated misrepresentations to the Court regarding the status of Defendants' document production.

3) Defendants are hereby awarded fees and costs in the amount of **$7,847.50** to be paid by the Plaintiffs' counsel for their misrepresentations to the Court.

4) Payment shall be made to Plaintiffs' counsel within 15 days of this Order.

_____
Hon. Randolph D. Moss
U.S. District Court Judge

Copies by ECF to all counsel of record.

11

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was e-served to all counsel of record using CM/ECF on this 15th day of November 2024.

/s/<br>
Abdullah H. Hijazi