UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OHIO SECURITY<br>INSURANCE COMPANY, et. al., | : |
| | : |
| Plaintiffs, | : |
| | :    Case No.: 1:22-cv-01435-RDM |
| v. | : |
| | : |
| CONTINENTAL<br>CONSTRUCTION, INC., et. al., | : |
| | : |
| Defendants. | : |

**OPPOSITION TO REQUST FOR LEAVE TO FILE A MOTION TO COMPEL (Dkt. 30)**

In its separately filed discovery status report, Plaintiffs' request the Court grant them leave to file a motion to compel. **Dkt. 30, at 2**. For the reasons further explained below, Defendants object to this request.

**Argument**

At the October 22, 2024 hearing, the Court stated "I don't think that the plaintiffs have exhausted efforts to try and resolve whatever issue may or may not exist" as it pertained to the Defendants' document production." **Dkt. 31-1, at 38** (**Ex. A to Defs.' Status Report (10/22 Hr'g Tr.)**). This was supposed to be resolved at a meet and confer and in a status report to be filed by the parties. Defendants' counsel created a detailed table of responsive documents to every category of documents that Plaintiffs' counsel claimed Defendants never responded to at all, while Plaintiffs simply responded with more vague and generalized allegations of non-production and a request for leave to file a motion to compel that should have been addressed in the Court-ordered *joint* status report. Accordingly, the Court should deny Defendants request for leave for failure to comply with the Local Rules and this Court's Standing Order requiring the parties attempt to informally resolve the purported dispute before bringing it to the Court's attention.

The Local Rules explicitly require that "[b]efore filing a*ny nondispositive motion* in a civil action, counsel shall discuss the anticipated motion with opposing counsel in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement." LCvR 7(m) (emphasis added); *see also Chudson v. Watt*, 2015 U.S. Dist. LEXIS 198195, *7 (D.D.C. Oct. 10, 2022) (Judge Moss instructing "that going forward Plaintiff should ensure that he has complied with Local Civil Rule 7(m) before filing a nondispositive motion"). Moreover, that Standing Order in this case mandates that "[b]efore bringing a discovery dispute to the Court's attention, *the parties must confer in good faith in an attempt to resolve the dispute informally*." Dkt. 3, at ¶ 13 (emphasis added).

As shown in Defendants' status report, they did what Plaintiffs should have done nearly a year ago and re-reviewed the entire universe of documents and cataloged the documents produced by Defendants that were responsive to Plaintiffs' RFP. No. 1. **Dkt. 31, at 1-2 & Ex. E**. This was done so Defendants could readily identify any specific documents they believe remain outstanding even though Plaintiffs have had many of these documents for over a year now to do so, but have made no attempt to do so. Defendants understood at the latest meet and confer that the parties' agreed to one more extension of the discovery period so the parties could try to resolve *all* outstanding discovery issues without the Court's involvement. Indeed, when transmitting the index of responsive documents, Defendants' counsel explicitly stating that "the chart is intended for discussion purposes for the parties to resolve any specific documents that the Plaintiffs believe remain outstanding in an effort to resolve any remaining issues with Defendants' document production." **Dkt. 31-4, 9-10 (Exs. D to Defs.' Status Report)**. Yet, without any advance notice to Defendants, Plaintiffs now seek leave to file a motion to compel without having done any review of Defendants' document production to ascertain what specific documents Plaintiff believe remain outstanding.

Indeed, Plaintiffs' failure to comply with the Local Rules and Standing Order is reflected in a one-sentence generalized statement that reflects uncertainty as to what exactly is at dispute, which serves as further evidence of Plaintiffs' lack of compliance. Plaintiffs assert that it "*appears* that there is an impasse between the parties" and "based upon the meet and confer, there are *certain classes* of documents that Plaintiff refuses to produce (i.e., bank statements, certain tax documents, general ledgers, *etc.*)" and now Plaintiffs are "compelled" to seek leave to file a motion to compel. **Dkt. 30, at 3** (emphasis added). This is not what happened as Plaintiffs' counsel continue to misrepresent to the Court and have not followed the applicable protocols for resolving discovery disputes. *See, e.g.*, **Dkt. 31-1, at 38**. The contention that "certain classes" documents remain outstanding with a list having an interminable "*etc.*" is the antithesis of a good faith attempt to try narrow the perceived dispute before bringing it to the Court. Put simply, Defendants have no clue other documents Plaintiffs are seeking beyond the three "classes" of documents that Plaintiffs identified, and even then, Plaintiffs' have not properly presented them to this Court.

Beginning with bank records, Defendants' position on bank records is the same as communicated to Plaintiffs' counsel at the meet and confer on bank statements stated in their status report, which has remained the same for over a year now. **Dkt. 31, at 8-9**. Despite being aware of Defendants' position for some considerable time, Plaintiffs' have failed to respond to this objection or provide a basis for these documents. Indeed, Plaintiffs' status report does not provide the Court with any insight as to why they are seeking to compel these particular documents, which further supports a denial of the motion for leave. *Cf. Mayor of Balt. v. BATFE*, Civil Action No. 23-3762 (RDM), 2024 U.S. Dist. LEXIS 109511, at *21 (D.D.C. June 21, 2024) (concluding that the parties failure to address the merits of the underlying motion provided an additional reason to deny its request for leave).

Regarding the general ledgers, Defendants' counsel never indicated they would not be produced.  Rather, as explained to Plaintiffs' counsel during the meet-and-confer, Plaintiffs already produced some ledgers, along with other various financial statements and documents, that contain the same information that would be found in any missing general ledgers.  If Plaintiffs identify what specific information that they need from a ledger that cannot be found in the other financial documents, Defendants are more than willing to confer with Plaintiffs about this discreet issue. Instead, Plaintiffs have chosen a different path without first complying with the proper protocol for discovery disputes in their request to file a motion to compel before conducting any review of the documents they have had for over a year now.

Regarding "certain tax documents," during the parties' meet and confer, Plaintiffs' counsel identified Defendants' corporate tax returns as a category of document that Plaintiffs seek.  When Defendants' counsel informed Plaintiffs that those documents were not included in Plaintiffs' Request for Document No. 1, Plaintiffs' counsel mentioned that it may be included in other document requests, but *they are not*.  Defendants then informed Plaintiffs that Defendant will not produce documents without a proper discovery request because Defendants have no clue what "certain tax documents" are being disputed that would serve as a basis for Plaintiffs' motion to compel.  Further, whatever "certain tax documents" are seeking cannot possibly be the subject of a discovery dispute because there is no outstanding request for these documents.  Indeed, Plaintiffs fail to identify any such properly served discovery request in its status report.  This omission is fatal because a party may only "file a  motion to compel discovery if another party has failed to respond to *a proper discovery request*." Fed. R. Civ. P. 37(a) (emphasis added). "[C]ourts have denied motions to compel the production of documents where the movant failed to make a formal

4

discovery request." *James v. Wash Depot Holdings, Inc.*, 240 F.R.D. 693, 695 (S.D. Fla. (2006).[1]

Here, "[b]ecause Plaintiffs have not served a proper discovery request prior to seeking to compel disclosure under Rule 37, the Court cannot compel discovery on this issue at this time." *Daves v. Dall. Cty.*, No. 3:18-CV-154-N, 2020 U.S. Dist. LEXIS 206647, at *15 (N.D. Tex. Nov. 4, 2020); *see also Artis v. Bernanke*, 161 F. Supp. 3d 97, 98 (D.D.C. 2013) (observing that plaintiffs did not identify any discovery requests to which defendant failed to respond and "[f]or that reason, the Court denied plaintiffs' motion [to compel]").

## Conclusion

Plaintiffs' request for leave is emblematic of the history of discovery in this case. Each time Defendants attempt to "move this case forward" which the Court would also like to do, Plaintiffs place an obstacle in the Court's path with fictious discovery complaints that only serve to distract the Cout from the real issues to be decided as seen most at the last hearing. It is time to put an end to this discovery mischief. As always, Defendants' counsel will continue to work with Plaintiffs' counsel to resolve any discovery dispute that may arise before the close of discovery. But, most importantly, such resolution cannot be achieved until Plaintiffs are willing and able to identify specific documents and follow the rules and procedure for resolving discovery dispute in this Court, rather than vague and generalized complaints about "*certain classes* of documents."

Accordingly, the Court should deny Plaintiffs' request for leave to a file a motion to compel for the failure to follow this Court's rules and order. A proposed order is included with this filing.

---

[1] To the extent Plaintiffs seek to propound additionally discovery requests for "certain tax documents," Defendants object to any eleventh-hour discovery request that docould have been served more than two years ago when Plaintiffs initially filed this action and the fact that Plaintiffs have yet to identify specific documents that remain outstanding.

Dated: November 18, 2024                    Respectfully submitted,

/s/Abdullah H. Hijazi
Abdullah H. Hijazi, Bar # 7623058
HIJAZI & CARROLL, P.A.
3231 Superior Lane, Suite A-26
Bowie, Maryland 20715
(301) 464-4646
ahijazi@hzc-law.com
*Attorney for Defendants*