UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **OHIO SECURITY** | : | |
| **INSURANCE COMPANY, et. al.,** | | |
| | : | |
| **Plaintiffs,** | | |
| | : | **Case No.: 1:22-cv-01435-RDM** |
| **v.** | | |
| | : | |
| **CONTINENTAL** | | |
| **CONSTRUCTION, INC., et. al.,** | : | |
| | | |
| **Defendants.** | : | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' ITEMIZATION OF COSTS
AND CROSS-REQUEST FOR COSTS**

Plaintiffs Ohio Security Insurance Company and American Fire and Casualty Company, through counsel, and pursuant to the Court's Minute Entry of November 18, 2024, hereby submit their Response to Defendants' Itemization of Costs and Cross-Request for Costs, and in support thereof, state:

**Background**

Following the hearing in this matter on October 22, 2024, the parties met and conferred as directed by the Court. In its directives to the parties during the hearing, the parties were to discuss the status of document discovery and other potential costs associated with the cancellation of Mr. Crump's deposition. The Court also indicated that the Defendants submit, in the subsequent Status Report, their request for sanctions for the costs associated with the termination of the continuation of the deposition of Plaintiff's 30(b)(6) witness, Mike Crump.

At the conclusion of the meet and confer on November 8, 2024, counsel for the Defendants advised that they would circulate a draft of the proposed Joint Status Report in advance of the deadline on November 15, 2024. Unfortunately, this did not occur until the afternoon of the due date, at which time opposing counsel forwarded a nine (9) page proposed

status report with 112 pages of attachments, and which, significantly, included Defendants'

second supplemental production of documents. [1]

Given the volume of documents sent to the undersigned with only a few hours left until

the deadline passed, it was suggested that the parties join in a motion to extend the deadline for

submission of the Joint Status Report.  However, defense counsel would agree only to an email

to the Court's deputy clerk.  Given this, the undersigned advised opposing counsel that the

parties should submit separate Status Reports because the Defendants would not have sufficient

time to review all of the materials and prepare responses before the deadline.

In their Status Report, Defendants' go far far afield of what the Court indicated it would

consider by way of sanctions for the cancellation of the deposition.  And, astonishingly,

opposing counsel attempts to add in a request for sanctions related to the representations

pertaining to Defendants' heretofore, and continuing, failure to produce documents.  However,

Defendants' admit in their Status Report that they were contemporaneously supplementing their

production to include documents which had been, apparently, inadvertently withheld.  Plaintiffs

were therefore correct in their assertion that Defendants had not, despite their representations to

the Court, produced all responsive documents.

### 1.  Deposition Costs and Fees

At the time of the October 22 hearing, the Court was inclined to award the Defendants

costs associated with the deposition which was improperly terminated, as well as attorney fees

for attending and leaving the deposition.  See Exhibit 1, Hearing Transcript of October 22, 2024,

at page 20, line 21, and page 22, line 4.  The only items outstanding were potential expert fees

---

[1] During the hearing on October 22, 2024, Plaintiffs indicated that they had not received all of the requested documents.  Defense counsel stated that this constituted "weaponization" of discovery, and that the defense had produced all responsive discoverable documents.  However, based on the supplementation, it appears that opposing counsel was mistaken.  The Court indicated that whoever was right on this issue should receive sanctions, which, on this issue, undersigned counsel were.  See Exhibit 1 at page 29, lines 13-24.

(which are not being claimed), a videography bill for $593, and defense counsel's travel and parking costs. *Id*. at page 35, lines 2-10.

Notwithstanding the Court's clear instructions as to the scope of the costs and fees to potentially by awarded, Defense counsel has made yet another request for attorneys' fees well beyond that which the Court indicated it would be inclined to permit (one hour - $395).   See Exhibit 1 at page 32, lines 20-23.  Again, while Plaintiffs understand the Court's finding, undersigned counsel did not act in bad faith in suspending the deposition of Mr. Crump, and intended to address it with the Court via a motion for a protective order.  Defendants' request for additional attorney's fees is unconscionable, excessive and unjustified under the circumstances.

Plaintiffs have proposed, in their Status Report, that in lieu of sanctions, they be required to bear the costs and expenses of the reconvened deposition of Mr. Crump.

**2.  Alleged Misrepresentations Pertaining to Document Production**

As noted above, and as evidenced by the Defendants' supplemental production of documents on November 15, 2024, there is absolutely no basis for Defendants' assertion that undersigned counsel have made any misrepresentations to this Court about the status of document discovery.  There are certain classes of documents that Plaintiff refuses to produce (i.e., bank statements, certain tax documents, general ledgers), and there exist additional responsive documents which remain outstanding, again consistent with Plaintiffs' contention that they have not received a full and robust response from Defendants as it pertains to the document requests.

Given the foregoing, the fact that Defendants would seek sanctions in the face of irrefutable proof that Plaintiffs were correct on this issue defies belief.  Rather, it is the Plaintiffs who should be entitled to sanctions.  As the Court stated at the time of the hearing, "*Someone is correct about that and someone is incorrect.  I am happy to say whoever is incorrect about this, should pay costs and the other side should not.*"  Exhibit 1, page 29, lines 20-22.

Opposing counsel twice assured the Court that all documents had been produced.  Exhibit 1, page 24, lines 14-17, and page 29, lines 10-12.  This was incorrect, perhaps inadvertently so, but nonetheless wrong.  Accordingly, Plaintiffs respectfully request that the Court award them costs and attorneys' fees on this issue in an amount to be determined or equal to any attorneys' fees awarded for the cancellation of the deposition addressed above.

Wherefore, premises considered, Plaintiffs respectfully request that the Court deny the Defendants' Itemization of Costs, and allow Plaintiffs' Cross-Request for costs.


Dated:  November 27, 2024                    Respectfully submitted,

                                             */s/ Robert S. Morter*
                                             James C. Mehigan, Bar #: 480691
                                             Robert S. Morter, Bar #:  474337
                                             Mehigan Law Group PLLC
                                             11921 Freedom Drive
                                             Suite 550
                                             Reston, Virginia  20190
                                             (703) 774-7281
                                             jmehigan@mehiganlawgroup.com
                                             bob@mehiganlawgroup.com
                                             *Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 27, 2024 a copy of the foregoing was served via

ECF to all parties of record.


                                            */s/ Robert S. Morter*
                                            Robert S. Morter