UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OHIO SECURITY<br>INSURANCE COMPANY, et. al., | : |
| | : |
|     Plaintiffs, | : |
| | :    Case No.: 1:22-cv-01435-RDM |
| v. | : |
| CONTINENTAL<br>CONSTRUCTION, INC., et. al., | : |
| | : |
|     Defendants. | : |

**DEFENDANTS' REPLY IN SUPPORT OF ITEMIZATION OF COSTS AND OPPOSITION TO PLAINTIFFS' CROSS-REQUEST FOR COSTS (Dkt. 35 and 36)**

In response to Plaintiffs' Response to Defendants' Itemization of Costs (Dkt. 35) and Cross-Request for Costs (Dkt. 36),[1] Defendants state as follows.

1. **Plaintiffs mistakenly rely on the Court's vacated damage award, and do not substantively challenge the reasonableness of Defendants' attorneys' fees.**

Defendants, at part E of their November 15, 2024 Discovery Status Report (Dkt. 31), succinctly identified the following costs relating to Plaintiffs improper termination of a deposition and supported their costs in Exhibit C to that status report.

    a. Conference room reservation and transcript ($470.40);

    b. Attorney time for the terminated deposition, meeting and conferring with opposing counsel, and researching and preparing the submission for this discovery dispute ($5,895.50); and

    c. October 22, 2024 hearing transcript ($235.80).

Plaintiffs now argue that these costs are improper because the "Court indicated it would be inclined to permit (one hour - $395)." (Plaintiff's Response to Defendants' Itemization of Costs

---

[1] Plaintiffs filed their Response to Itemization of Costs and Cross-Request for Costs as a single document, and it has been designated as both document no. 35 and 36 on the docket.

and Cross-Request for Costs ("Plaintiff's Response"), page 3 (Dkt. 35 and 36) and that Defendants went "far afield" of the Court's instructions. (*Id.*, page 2).

While the Court initially indicated it would award Defendants $865 (October 22, 2024 Hearing Trans., ("October 22 Trans.") page 32, line 20 to page 33, line 4) (Dkt. 35-1), it vacated that award during the hearing and directed the parties to set forth their views regarding the damages amount in their joint status report. (October 22 Trans., page 35, line 17 to page 26, line 3) (Dkt. 35-1).

Defendants' calculation includes attorneys' fees incurred in making its discovery motion, which is far from controversial. Subpart (a)(5)(A) of Federal Rule of Civil Procedure 37 (Failure to Make Disclosures or to Cooperate in Discovery; Sanctions) expressly provides for the "movant's reasonable expenses incurred in making the motion, including attorney's fees."

Plaintiffs make no substantive arguments challenging the reasonableness of the amount of time spent, or the reasonableness of the hourly fees charged. Nor do Plaintiffs argue that attorneys' fees incurred in making a discovery motion are not recoverable. Plaintiffs merely rely on the figure the Court vacated.

Plaintiffs give the Court no reason to reject Defendants' damage amount, and the Court should therefore award the requested damages to Defendant.

**2. Plaintiffs' "cross request" is procedurally improper.**

There is no question that the Court does not want premature discovery motions. The Court stated it would not reach an issue regarding documents at the October 22, 2024 hearing, and that the parties should confer and work to resolve document issues. (October 22 Trans., page 33, lines 5-24) (Dkt. 35-1).

Plaintiff then requested leave to file a motion to compel (Dkt. 33), which the Court denied on November 27, 2024 and specifically admonished the parties "that the Court expects them to

2

*thoroughly* discuss all issues among themselves before raising an issue with the Court." The text of the Court's order is reproduced below.

> **U.S. District Court**
>
> **District of Columbia**
>
> **Notice of Electronic Filing**
>
> The following transaction was entered on 11/27/2024 at 11:43 AM EDT and filed on 11/27/2024
>
> **Case Name:** OHIO SECURITY INSURANCE COMPANY et al v. CONTINENTAL CONSTRUCTION, INC.
>
> **Case Number:** 1:22-cv-01435-RDM
>
> **Filer:**
>
> **Document Number:** No document attached
>
> **Docket Text:**
> **MINUTE ORDER: Upon consideration of Plaintiff's Motion for Leave to File Motion to Compel, Dkt. [33], it is hereby ORDERED that the motion is DENIED without prejudice. The parties are reminded that they must comply with the Courts standing order, Dkt. [3], which requires that they meet and confer before asking for leave to file a motion in a good faith effort to reconcile the dispute. The parties are further admonished that the Court expects them to *thoroughly* discuss all issues among themselves before raising an issue with the Court. Signed by Judge Randolph D. Moss on 11/27/2024. (lcrdm2)**

Nonetheless, the same day as this order, November 27, Plaintiffs filed their response and cross-request for costs.

Plaintiffs' cross-request for costs is troubling because it attempts to circumvent a motion to compel. Plaintiffs are asking the Court for costs they would be entitled to receive if they prevailed on a motion to compel—a motion that the Court denied leave to file. Plaintiffs' cross-request is not even procedurally a motion. It is a free-form request added to a response to a status report. The Court should deny Plaintiffs' cross-request for costs because it is procedurally improper and ignores the Court's recent admonition.

### 3. Plaintiffs misconstrue Defendants' statements about producing documents.

Plaintiffs argue that Defendants assured the Court that all documents had been produced and that this "was incorrect, perhaps inadvertently so, but nonetheless wrong." (Plaintiffs' Response, page 4) (Dkt. 35 and 36). In doing so, Plaintiffs omit context and some of Defendants' statements.

Defendants stated at the hearing that Plaintiffs' counsel "gave off a laundry list of documents, many of which we have produced if they are available" (October 22 Trans., page 30, lines 11-13) (Dkt. 35-1) and that Defendants had objected to some of Plaintiffs' requests (*Id*., page 31, lines 10-11). Defendants also stated that Defendants did not know of documents that had not been produced because Plaintiff had not responded to Defendants' response to Plaintiff's discovery deficiency letter. (*Id*., page 24, lines 7-17).

At the hearing, the Court directed the parties to meet and confer to resolve document issues. The parties met, and Defendants produced additional documents. Defendants did exactly as the Court instructed at the hearing by trying to resolve a discovery dispute *before* raising an issue with the Court.

Plaintiffs now ask the Court to award costs and attorneys' fees in an amount to be determined, or equal to the fees awarded for Plaintiff's improper termination of a deposition. Plaintiff's request for fees is improper because Defendants have not refused to produce documents, and the Court has not compelled Defendants to produce documents. The Court should therefore deny Plaintiffs' cross-request for costs.

Dated: December 4, 2024                    Respectfully submitted,

/s/Abdullah H. Hijazi
Abdullah H. Hijazi, Bar # 7623058
HIJAZI & CARROLL, P.A.
3231 Superior Lane, Suite A-26
Bowie, Maryland 20715
(301) 464-4646
ahijazi@hzc-law.com
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I certify that, on this 4th day of December, 2024 the foregoing was served via the Court's CM/ECF system on all counsel of record.

/s/Abdullah H. Hijazi
Abdullah H. Hijazi